UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MYLIEK T. LEBRON,

                                                               Petitioner,

   vs.                                                           9:22-CV-10
                                                                                 (MAD/ML)
SUPERINTENDENT UHLER,

                                                    Respondent.
_____

APPEARANCES:                                           OF COUNSEL:

MYLIEK T. LEBRON
16-A-3424
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Petitioner, *pro se*

OFFICE OF THE NEW YORK                     JALINA J. HUDSON, AAG
STATE ATTORNEY GENERAL
28 Liberty Street – 14th Floor
New York, New York 10005

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Petitioner Myliek LeBron ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 5, 2022. *See* Dkt. No. 1. Petitioner claims that the facts do not support his state conviction for intentional murder, *see id.* at 3, that the trial "[c]ourt erred in admitting immaterial and irrelevant facts that was prejudicial and deprived Petitioner of a trial," *id.* at 4, a delay of swearing in trial jurors was in error and "deprived [] Petitioner of a fair trial," *id.*, and that the "[a]ggregate prison term of 25 years to life of imprisonment is unduly harsh and severe." *Id.* at 6. While Petitioner acknowledged this petition is time-barred, he argues that the

"Court [should] invoke it's 'miscarriage of justice exception' rule" and that he claims he is innocent regarding the intentional murder charge. *See id.* at 8. Respondent Superintendent Uhler ("Respondent") received permission and filed a motion to dismiss for failure to state a claim on June 6, 2022. *See* Dkt. No. 14. On June 21, 2022, Petitioner filed a letter advising that he did not want to respond to the motion to dismiss. *See* Dkt. No. 16.

On August 29, 2022, Magistrate Judge Miroslav Lovric issued a Report-Recommendation and Order recommending that the motion to dismiss be granted, that the petition be denied and dismissed, and that no certificate of appealability be issued. *See* Dkt. No. 17. Petitioner did not object to the Report-Recommendation and Order. The Court does not discern any clear error in the Report-Recommendation and Order. Magistrate Judge Lovric correctly concluded that the petition is time barred, and that no exception applies. *See* Dkt. No. 17 at 7-13.

When a party declines to file an objection, the court reviews a recommendation for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal

convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 147-49, n.9 (2012).

Here, Petitioner's conviction became "final" for AEDPA purposes on April 3, 2019, *see* Dkt. No. 1 at 3, when the ninety-day period to file a notice of appeal had expired. *See* N.Y.C.P.L. § 460.10(1); *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002); *Thaler*, 565 U.S. at 149. Therefore, under Section 2244, Petitioner had one year from that date, or until April 2, 2020, to file a habeas petition. *Bethea*, 293 F.3d at 578; *Williams v. New York State Div. of Parole*, No. 9:10-CV-1533, 2011 WL 8201684, *3 (N.D.N.Y. Nov. 29, 2011). Petitioner filed after that date on January 5, 2022. *See* Dkt. No. 1. Therefore, the habeas petition is untimely unless Petitioner: (1) properly filed and had a pending state application for collateral review, or (2) he demonstrates other grounds for equitable tolling. *See* 28 U.S.C. § 2244(d); *Joseph v. Conway*, 567 Fed. Appx. 56, 59 (2d Cir. 2014). Petitioner has not made either showing.

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009). The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam); *see McCullars v. Harper*, No. 9:21-CV-0751, 2021 WL 2935916, *3 (N.D.N.Y. July 13, 2021).

Petitioner filed an application for collateral relief in November 2021. Because he filed it after the statute of limitations expired, this application remains time barred.

3

The AEDPA's one-year statute of limitations period is subject to equitable tolling only in "appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *see also Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31-32 (2d Cir. 2015) (holding equitable tolling is available "in certain 'rare and exceptional circumstances'") (quoting *McGinnis*, 208 F.3d at 17). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Martinez*, 806 F.3d at 31-32. Moreover, a petitioner must have acted with "reasonable diligence" during the proposed tolling period. *See Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007); *Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner does not explicitly argue he is entitled to equitable tolling, but rather cites "miscarriage of justice." Dkt. No. 1 at 8. As such, Petitioner has failed to allege facts or circumstances that prevented him from filing for relief and thus entitle him to equitable tolling.

Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 391-2 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *Id.* at 386. To be successful, petitioners asserting innocence as a gateway to federal habeas review when the statute of limitations has expired must establish that, "in light of the new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). This standard "is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327) (further citations omitted). Petitioner has not identified any new evidence to support

a credible claim of actual innocence which would warrant considering this otherwise time-barred petition.  *See* Dkt. No. 1 at 8; *McQuiggin*, 569 U.S. at 386.

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from — (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2553(c)(1).  A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Since Petitioner has failed to make such a showing regarding any of his claims, the Court declines to issue a Certificate of Appealability in this matter.  *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

After carefully reviewing the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Lovric's Report-Recommendation and Order (Dkt. No. 17) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Respondent in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 14, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge